THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM MILES, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.

— Appeal by relator from an order of the Supreme Court, Clinton County, which dismissed a writ of habeas corpus, after a hearing. Relator pleaded guilty on November 10, 1954 in Montgomery County Court to the crimes of burglary, third degree and petit larceny; burglary, third degree and grand larceny, first degree; and burglary, third degree and grand larceny, second degree and was sentenced to a term of two and one-half to five years on each indictment, each sentence to be served concurrently. On May 15, 1956 relator was released on parole. On January 12, 1957 he was arrested in Albany County on charges of burglary, third degree and petit larceny. Immediately thereafter the State Parole Board issued a warrant charging parole violation. On March 1, 1957 relator entered a plea of guilty in Albany County to the charge of petit larceny, and the court noting that relator had a substantial amount of time to serve on the 1954 sentence suspended sentence on the petit larceny charge and directed the Sheriff to hold relator " until the Hold Warrant of the Parole Authorities is exercised and he is taken into custody by them." However, during relator's confinement in Albany County Jail between January 14, 1957 and March 1, 1957 several other warrants were lodged against him and on March 19, 1957 he was taken to Fulton County to answer a warrant charging him with burglary, third degree and petit larceny. On May 14, 1957 relator was sentenced by the Fulton County Court to a term of one year in the Onondaga County Penitentiary and a fine of $500 upon a plea of guilty to the charge of unlawful entry and petit larceny and to a second term of one year, to be served consecutively, and an additional $500 fine on a second plea of guilty to a charge of petit larceny, with provision that if the fines were not paid an additional two years was to be added to relator's sentence. On August 8, 1960 relator was released from confinement under this sentence and was immediately taken to Rensselaer County to answer a warrant charging him with burglary, third degree and petit larceny. Following a plea of guilty to petit larceny relator was sentenced to 30 days in the Rensselaer County Jail. Relator's sentence expired on September 2, 1960, but he was held at the Rensselaer County Jail until September 15, 1960 when he was taken into custody by the Board of Parole pursuant to the parole violation warrant of January, 1957 and returned to State prison. The Parole Board credited relator with 13 days parole jail time and charged him with two years, four months and nine days delinquent time. Relator contends that because the Albany County Court, at the time it suspended his sentence in March of 1957, directed the Sheriff to hold him until the parole authorities took him into custody he is entitled to credit for time served in the Onondaga County Penitentiary and the Rensselaer County Jail against the time remaining on his 1954 sentence and thus, in effect, that he should be released, citing *People ex rel. Rainone* v. *Murphy* (1 N Y 2d 367). We do not find *Rainone* applicable here. *Rainone* held that once the Parole Board regained *custody* of a prisoner its actions in voluntarily turning him over to Federal authorities could not interrupt the running of the sentence for which he had been on parole. The present record, however, indicates that despite the statement of the Albany County Court, which was probably made without knowledge of the other outstanding warrants, the Parole Board never regained custody of relator until his release from the Rensselaer County Jail. (See *People ex rel. Paqua* v. *Fay,* 8 A D 2d 856, affd. 8 N Y 2d 897.) Instead relator was arrested in each instance for an intervening crime and incarcerated as a result of his plea of guilty thereto. Thus it was relator's own actions and not that of the Parole Board that interrupted the running of his 1954 sentence (*People ex rel. Kenny* v. *Jackson,* 4 N Y 2d 229, 232; *People ex rel. Rodriquz* v. *Donovan,* 12 A D 2d 964; *People ex rel. Smith* v. *Johnston,* 11 A D 2d 834, 835). Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.